# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

April 6, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MIRIAM HARBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1289** (BOR Appeal No. 2048453)
(Claim No. 2013005132)

**KROGER LIMITED PARTNERSHIP I,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Miriam Harbert, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kroger Limited Partnership, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a May 15, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 21, 2012, decision to deny the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Harbert, an employee of Kroger Limited Partnership I, allegedly injured herself on August 8, 2012, when she tripped over a protruding drain plug in the floor. Ms. Harbert was then taken to Thomas Memorial Hospital where she was diagnosed with moderate degenerative changes with sclerosis, osteophytosis and joint space narrowing. There was no evidence of acute fracture, traumatic subluxation, or dislocation. Ms. Harbert filed an application for workers' compensation benefits and the claims administrator denied her claim. Ms. Harbert protested. Statements were taken from Tony Lilly, Theresa Whitener, Theresa Ray, Paul Wheeler, and

1

Jennifer Hall. The testimony of Mr. Lilly and Ms. Hall indicate that prior to the August 8, 2012, alleged injury, Mr. Lilly and Ms. Ray predicted that Ms. Harbert would fall on Wednesday, August 8, 2012. Mr. Lilly opined that this would happen because Ms. Harbert falls when she gets mad. Mr. Lilly noted that Ms. Harbert despised working late on Wednesdays, which she was required to do on the day in question. Furthermore, she had just recently been denied her desired transfer. Ms. Whitener testified that on the day of the injury she overheard Ms. Harbert having an argument over the phone about a banking issue that made her visibly agitated minutes before the alleged injury. Mr. Wheeler testified that he saw Ms. Harbert look around and then suddenly fall to the ground. Mr. Wheeler then went to assist Ms. Harbert. Ms. Hall, the manager, made a copy of the surveillance tape that showed Ms. Harbert falling.

The Office of Judges determined that Ms. Harbert failed to establish she was injured in the course of and as a result of her employment. The Office of Judges reviewed the video of the fall. Based upon the video, the consistent statements of her coworkers, and the inconsistencies in Ms. Harbert's testimony, the Office of Judges concluded that Ms. Harbert fell on purpose. The Office of Judges then added that even assuming that Ms. Harbert's fall was actually a fortuitous event, that there was still was no compensable injury. The only medical report of record states that she has hip pain after a fall at work. There was no dislocation, subluxation, or any evidence of an acute injury. As a result the Office of Judges affirmed the claims administrator's decision to deny the claim. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. The only evidence that tends to show Ms. Harbert was injured in the course of and as a result of her employment is her own testimony. Her testimony was properly disregarded because it is refuted by many of her coworkers and the video of the fall.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II